PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff*,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC.,<br><br>*Defendants*. | § § § § § § § § § § § § § § | C.A. NO. 6:20-cv-00487-ADA<br>C.A. NO. 6:20-cv-00488-ADA<br>C.A. NO. 6:20-cv-00489-ADA<br>C.A. NO. 6:20-cv-00490-ADA<br>C.A. NO. 6:20-cv-00491-ADA<br>C.A. NO. 6:20-cv-00492-ADA<br>C.A. NO. 6:20-cv-00493-ADA<br>C.A. NO. 6:20-cv-00494-ADA<br>C.A. NO. 6:20-cv-00495-ADA<br>C.A. NO. 6:20-cv-00496-ADA<br>C.A. NO. 6:20-cv-00497-ADA |

**DEFENDANT'S REPLY REGARDING MOTION FOR RECONSIDERATION (DKT. 107) OF PARTIAL ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE (DKT. 105)**

**PUBLIC VERSION**

The case law requires dismissal of the lone remaining Defendant, ZTE Corp., because these cases[1] cannot proceed without indispensable party ZTE USA. The notion—that the complaint must be proper *for each* defendant (and conversely that it cannot be improper for *any* defendant)—is well rooted in Fifth Circuit law (*In re Rolls Royce*) as well as in Federal Circuit (*Magnacoustics*) law. Moreover, this issue as to ZTE Corp. is not even a new argument—defendants raised it in *AGIS*, where Judge Gilstrap applied the same Fifth and Federal Circuit law to dismiss *all* ZTE defendants after analyzing misvenue for only one defendant (ZTE USA), and Defendant raised the same argument here (which WSOU failed to rebut). Likewise, here, WSOU turned ZTE USA into an indispensable party by entangling ZTE USA in its infringement theories, thereby assuring that another suit, by either WSOU or ZTE, will be brought in another forum.

The dismissal of two of the three Defendants in these cases, under the facts and law, underscores the need for dismissal *of all* three Defendants. By dismissing only two of the three Defendants here, the Court corrected the FRCP 12(b)(3) deficiencies (the third Defendant, ZTE Corp., did not challenge the Amended Complaint under 12(b)(3)) that were advanced by WSOU, however, in keeping ZTE Corp., the Court has now created a new deficiency under 12(b)(7).[2] These cases cannot continue without ZTE USA, and because these cases cannot be litigated in the WDTX with ZTE USA, that leaves the only appropriate remedy under FRCP 12(b)(3) and 19(b) as dismissal for *all three* of the Defendants (including ZTE Corp.). WSOU may then refile as to the *correct* defendants in the *correct* venue. This remedy provides the most equitable relief.

I.   **ZTE Corp.'s Argument—that Venue Rises and Falls Together for All Defendants—is Proper and is Not New.**

It is not a new argument, that the propriety of venue—or rather misvenue—for *all*

---

[1] Citations are to case nos. -00487 through -00497; specific cites reference to docket for case no. -00487.
[2] It is noted that this challenge under FRCP 12(b)(7) only arose after the Court dismissed just ZTE USA and ZTE TX—thus, then leaving only ZTE Corp. in these cases, without indispensable party ZTE USA.

1

defendants rise and fall together, and that the misvenue for ZTE USA taints these cases such that the Amended Complaint should be dismissed in its entirety. ZTE Corp. raised this argument in its Motion to Dismiss challenging the deficient Amended Complaint. Dkt. 47, p. 7. This notion stems from Fifth and Federal Circuit law consistently maintaining equity via FRCP 19(b) by dismissing improper cases that are inefficient waste of resources. It is a gross waste of litigation resources for these cases to proceed in any district without ZTE USA—and this is an improper district for ZTE USA, thus it is an improper district for the entire set of Defendants.

In response, WSOU errors by alleging (Dkt. 108, pp. 5-6) that ZTE Corp. failed to raise this argument during briefing. This, however, simply is not true. ZTE Corp. properly raised this argument several times throughout briefing—and maintained throughout that all cases should be dismissed *for all* Defendants. For instance, in its Motion to Dismiss, ZTE Corp. explained that venue must be proper for each defendant, and by applying *AGIS*, further demonstrated that misvenue over *one* defendant taints the venue analysis for *all* Defendants.[3] Additionally, ZTE Corp. further argued that "[t]his Court should hold WSOU to its deficient Amended Complaint by dismissing these suits. . . ***for each and every Defendant***." Dkt. 47, p. 30 (emphasis added). Thus, it is clear that ZTE Corp. properly raised this position in briefing.

Next, WSOU incorrectly characterizes (Dkt. 108, pp. 5-6)[4] Judge Gilstrap's ruling in *AGIS*

---

[3] Dkt. 47, p. 7 ("Venue must be proper for all defendants for an action to be brought. *See AGIS Software Development, LLC v. ZTE Corp. et al.*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) ("**Having found venue improper as to ZTA, the Court need not consider the propriety of venue as to ZTX as, in order for a district to be 'one in which [an] action [may be] brought, . . . both venue and jurisdiction must be proper there,' as to all defendants**"); *see also Magnacoustics* ("[ ] as firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.")) (emphasis added).

[4] It is further noted that WSOU argues (Dkt. 108, p. 5) that it was disadvantaged without notice of findings from *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014), however, this ruling was referenced by and incorporated into Judge Gilstrap's *AGIS* ruling, so WSOU was never without notice. *AGIS*, 2018 WL 4854023, at n. 6 (E.D. Tex. Sept. 28, 2018).

by attempting to limit its findings. It is undeniable, however, that in *AGIS*, a case like here involving all three ZTE Defendants, Judge Gilstrap analyzed venue for *one* ZTE defendant only—and then dismissed/transferred all defendants together. *See* Dkt. 47, p. 7.[5] Nevertheless, WSOU misstates the *AGIS* finding to only "venue must be proper for all defendants that remain in a case" (Dkt. 108, p. 7) (internal citations omitted), and that the court there merely determined how to rule "if ZTA was transferred and ZTX remained." Dkt. 108, p. 5. When in reality, for similar facts,[6] Judge Gilstrap disregarded venue of the other ZTE defendants and ruled for the entire collective based on the misvenue of ZTE USA (as this Court should also do).[7]

## II. WSOU Rendered ZTE USA an Indispensable Party—and Litigation in Separate Forums is Inevitable Without Dismissal Here.

From the initial Complaints, up to the preliminary and through the *Final* Infringement Contentions, WSOU's ultimate claim of infringement relies on alleged acts of infringement by ZTE USA—rendering it indispensable to this case, and desirable, if not necessary, party to these cases. Thus, these cases cannot proceed without ZTE USA.

Now, despite its theories of infringement indicating otherwise, WSOU suggests that only ZTE Corp. may be an indispensable party here (Dkt. 108, pp. 6-7), and further implies that only ZTE Corp. or ZTE USA may be an indispensable party, not both.[8] This position, however, is

---

[5] *See also AGIS*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) (ruling that after "[h]aving found venue improper as to ZTA, the Court need not consider the propriety of venue as to ZTX as, ***in order for a district to be 'one in which [an] action [may be] brought, . . . both venue and jurisdiction must be proper there,' as to all defendants***") (emphasis added).

[6] WSOU also references *Andra Grp. LP v. Victoria's Secret Stores, LLC*, No. 4:19-cv-288, 2020 WL 1465894 (E.D. Tex. Mar. 26, 2020). The facts here, like as in *AGIS*, differ from *Andra* because ZTE Defendants properly briefed and requested dismissal *of all* defendants based on the misvenue of indispensable party ZTE USA—which WSOU further incorporated in its Complaints, and Preliminary and Final Infringement Contentions.

[7] *See id.* at *3 n. 6 (and finding venue improper for just ZTE USA, then noting that the "only question, then is whether ***dismissal or transfer*** [for all] best serves the 'interests of justice'") (emphasis added).

[8] *See* Dkt. 108, p. 7 (WSOU implying that an indispensable party supports "the conclusion that infringement in the U.S. occurs *only* through ZTA or that ZTC does not commit acts of infringement here.").

3

incorrect in view of FRCP 19(b) which specifically contemplates *joining* additional indispensable parties (i.e. plural). And, WSOU's own arguments render ZTE USA indispensable for two reasons.

First, WSOU contends that its "well pleaded facts" with respect to ZTE Corp. (Dkt. 108, p. 2) fail to render ZTE USA an indispensable party. Every "well pleaded fact," however, connects ZTE Corp. with ZTE USA—rendering them *both* equally indispensable parties to WSOU's infringement theories. For example, WSOU's infringement theories fatally rely on entanglement of ZTE Corp. and ZTE USA activity (which Defendants deny).[9] Thus, the Amended Complaint is tainted by the misvenue for ZTE USA, thereby tainting the "pleaded facts" in entirety.

Second, WSOU fails to denounce its allegations directed at ZTE USA (assuring more litigation). With respect to plaintiff, WSOU never denounces its claims of infringement, nor does it admit that it will *never* seek a suit against ZTE USA—just that it "has not refiled against [ZTE USA] in a different forum." Dkt. 108, p. 5. Thus, it is a very likely scenario that WSOU *will* pursue a lawsuit against ZTE USA, thereby forcing two litigations. With respect to ZTE USA, and in view of this continued threat of litigation, ZTE USA is likely to file a declaratory judgment action in a proper forum to defend allegations lobbed against it. Nothing in WSOU's response brief rebuts these points, and the lack of denouncing or rebutting by WSOU further underscores that ZTE USA is indispensable and a continued target.

---

[9] Dkt. 38, ¶11 ("On information and belief, ***ZTE Corp. sells*** and/or licenses Accused Products ***directly to . . . ZTE (USA) Inc***.—and ships them to that company's headquarters."); *id.* ¶12 ("On information and belief, ***ZTE Corp. targets*** other Texas customers ***through ZTE (USA) Inc.'s website***."); *id.*, ¶13 ("***ZTE Corp. . . . sell[s] and/or licens[es]*** Accused Products ***directly to ZTE (USA) Inc***., ***a consumer and distributor of Accused Products*** manufactured by ZTE Cop., and by shipping Accused Products to ZTE (USA) Inc."); *id.*, ¶14 ("On information and belief, ***ZTE Corp. assists ZTE (USA) Inc. with*** troubleshooting or other technical support."), *id.*, ¶15 ("Both ***ZTE Corp. and ZTE (USA) Inc. have issued releases*** . . . marketing ZTE products, including Accused Products."); *id.*, ¶18 ("On information and belief, ***most imports from ZTE Corp. to the United States are shipments to ZTE (USA) Inc.***"); *id.*, ¶19 ("On information and belief, ***most imports received by ZTE (USA) Inc. are imports from ZTE Corp.***"); *id.,* ¶20 ("On information and belief, ***ZTE Corp. regularly ships goods to ZTE (USA) Inc.'s headquarters.***") (emphasis added).

### III.    The Propriety of Venue for ZTE Corp. in Isolation is a Strawman Argument.

The issue is whether the misvenue and dismissal of ZTE USA under §1400 affects proceeding in this venue for ZTE Corp.; not whether the propriety of venue over ZTE Corp. under §1391 means that, in a vacuum, that this Court can proceed over ZTE. Corp. alone.

In the response, and in order to improperly—and falsely—allege sanctionable conduct by Defendant, WSOU fabricates an argument Defendant never made. *See* Dkt. 108, pp. 7-8.[10] WSOU argues that the only way ZTE Corp. could be dismissed was challenging venue under § 1391 (thereby subjecting it to needless and costly venue discovery). *Id*. p. 7. Defendant never challenged venue for ZTE Corp. because, as a foreign entity, it is subject to venue under § 1391 (and challenging venue would be a waste of resources). This is not the only procedural means, however, for a dismissal, and as explained, ZTE Corp. moved for dismissal under Fifth and Federal Circuit law because venue was first improper for ZTE USA. And, despite the propriety of venue over ZTE Corp. (thus discovery was appropriate for ZTE USA/ZTE TX only), all Defendants should be dismissed. The misvenue of ZTE USA here in the WDTX directly impacts these cases and taints the Amended Complaint in its entirety—including the entangled ZTE Corp.-ZTE USA allegations. WSOU turned ZTE USA into a *de facto* indispensable party; thus, the misvenue of ZTE USA taints any "pleaded facts" with respect to ZTE Corp., as such, the defendants rise and fall together.

### IV.    Conclusion

Together in dismissal or together in transfer—WSOU strongly opposes transfer, thus dismissal *for all defendants* is the only appropriate remedy for the misvenue of ZTE USA in these cases. Thus, ZTE Corp. requests reconsideration and its dismissal from these actions.

---

[10] Regarding sanctionable conduct, WSOU improperly insists on redactions of its marked "Confidential" Final Infringement Contentions, and redactions of any indications of WSOU's reliance on ZTE USA for its infringement theories. This "Confidentiality" marking—and the implications that WSOU considers it work product—further underscores the entanglement of ZTE USA in WSOU's infringement theories.

5

DATED:  August 25, 2021                                   Respectfully submitted,


                                                   */s/Lionel M. Lavenue*
                                                   Lionel M. Lavenue
                                                   Virginia Bar No. 49,005
                                                   lionel.lavenue@finnegan.com
                                                   **FINNEGAN, HENDERSON, FARABOW,**
                                                   **GARRETT & DUNNER, LLP**
                                                   1875 Explorer Street, Suite 800
                                                 Reston, VA 20190
                                                     Phone:  (571) 203-2700
                                                     Fax:     (202) 408-4400

                                                   Attorney for Defendant,
                                                   ZTE Corporation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and electronic mail on August 25, 2021.

>                /s/Lionel M. Lavenue
>                Lionel M. Lavenue