# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** § § § § *Plaintiff*, § § v. § § **ZTE CORPORATION,** § § *Defendant.* § § | C.A. NO. 6:20-cv-00487-ADA <br> C.A. NO. 6:20-cv-00488-ADA <br> C.A. NO. 6:20-cv-00489-ADA <br> C.A. NO. 6:20-cv-00490-ADA <br> C.A. NO. 6:20-cv-00491-ADA <br> C.A. NO. 6:20-cv-00492-ADA <br> C.A. NO. 6:20-cv-00493-ADA <br> C.A. NO. 6:20-cv-00494-ADA <br> C.A. NO. 6:20-cv-00495-ADA <br> C.A. NO. 6:20-cv-00496-ADA <br> C.A. NO. 6:20-cv-00497-ADA |

## DEFENDANT'S SUPPLEMENTAL BRIEF ON TRANSFER UNDER §1404(a)

**Table of Contents**

I. Statement of Law: The Law Favors Transfer Under Exception to First-to-File.................. 1

II. The NDTX is a Proper Forum For These Cases And Transfer is Proper ........................... 3

III. It Is Just and Efficient for the Court to Transfer These Cases to the NDTX ...................... 3

IV. Conclusion: Transfer, or Alternatively Stay, of These WDTX Cases Is Appropriate ................................................................................................................. 5

The sole remaining Defendant, ZTE Corporation ("ZTE Corp."), requests transfer under 28 U.S.C. §1404(a) of these matters[1] to the Northern District of Texas ("NDTX"), so they may be consolidated with the pending parallel litigation there involving the same Patents-in-Suit and substantially similar ZTE entity, ZTE (USA), Inc. ("ZTE USA"). *See ZTE (USA) Inc. v. WSOU Investments, LLC*, civil no. 3:21-cv-02128 (N.D. Tex. Sept. 7, 2021).

This Court has the authority to transfer these matters under §1404(a). *See In re Intel Corporation*, 841F. App'x 1992, 194 (Fed. Cir. 2020). These cases were filed first, however, transfer of ZTE Corp. to the NDTX (where it may be consolidated) is appropriate due to sound reasons rendering it unjust and inefficient to continue the cases in the WDTX. The parallel matter is the same case involving substantially similar parties, and involving the same Patents-in-Suit. It is impractical and unjust to continue these matters here where ZTE USA is misvenued, and it is further inefficient to litigate here while the same issues are litigated in parallel in the NDTX. In short, these cases here are inefficient and should be transferred to promote judicial efficiency.

**I.      Statement of Law: The Law Favors Transfer Under Exception to First-to-File**

A district court has the inherent authority to regulate its docket—including the power to *sua sponte* transfer[2] an action under 28 U.S.C. § 1404—so long as the exercise of that inherent power does not contradict an express limitation of power. *In re Intel Corporation*, 841F. App'x 1992, 194 (Fed. Cir. 2020); *see also* 28 U.S.C. §§ 1406 and 1412, and Fed. R. Civ. P. 19 and 83. The Supreme Court stated that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 108 S. Ct. 2239, 2244 (1988). And, in view of

---

[1] Citations are to case nos. -00487 through -00497; specific cites reference to docket for case no. -00487.
[2] Additionally, the court has the inherent power to stay its actions. *See, e.g., Lighthouse Consulting Group, LLC v. Ally Fin. Inc.*, 2020 WL 6365538, at *1 (W.D. Tex. Mar. 25, 2020).

concurrent litigation raising the same issues and same parties in different forums, judicial economy is a relevant, if not dispositive, consideration in determining the "interest of "justice" warranting transfer. *See In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020).[3]

In view of a parallel litigation action, these notions of judicial economy further manifest in the "first-to-file" rule. The "first-to-file" rule is a "doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The "first-to-file" rule is further governed by Federal Circuit Law. *In re Voip-Pal.com, Inc.*, 845 F. App'x 940, 942 (Fed. Cir. 2021).

The first-to-file doctrine generally favors pursuing the first-filed action, but "the rule is not rigidly or mechanically applied." *Id*. Indeed, exceptions are "not rare, and are made when justice or expediency requires." *Genetech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), abrogated on other grounds, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995). Such exceptions are warranted when "sound reason[s] that would make it unjust or inefficient to continue the first-filed action." *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). One such exception is when it is impractical to continue the first action due to misvenue. *Nexon America Inc. v. Uniloc 2017 LLC*, 2020 WL 3035647, *4 (D. Del. 2020) (not applying the first-to-file rule because one district did not have "venue over Nexon America and Nexon America is a desirable, if not necessary, party to that case"). In analyzing whether to apply an exception to the first-to-file rule, district courts are afforded an "ample degree of discretion, appropriate for disciplined and experienced judges." *Merial*, 681 F.3d at 1299 (quoting *Kerotest*, 342 U.S. at 183-84). And, in evaluating the first-to-file rule, the Court should consider the "possibility of consolidation with

---

[3] *See also Continental Grain Co. v. The Barge FBL-585 and Federal Barge Lines, Inc.*, 80 S. Ct. 1470, 1474 (1960) (Supreme Court ruling that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that §1404(a) was designed to prevent").

2

related litigation." *DynaEnergetics Eur. GMBH v. Hunting Titan, Inc.*, 2020 WL 3259807, at *8 (W.D. Tex. June 16, 2020) (quoting *Genetech*, 998 F.2d at 938 (Fed. Cir. 1993)).

**II.     The NDTX is a Proper Forum For These Cases And Transfer is Proper**

The NDTX is a proper forum for these cases because jurisdiction and venue are proper there. For instance, specific and/or general personal jurisdiction are proper over WSOU in the NDTX because WSOU's principal place of business is located within the state of Texas. *See* Dkt. 38, ¶2. And, as a foreign corporation, venue is proper over ZTE under §1391 in the NDTX.

Additionally, WSOU is already litigating a case in the NDTX involving the exact Patents-in-Suit as here, against ZTE USA, another related ZTE entity, thus, consolidation is highly likely. *See ZTE (USA) Inc. v. WSOU Investments, LLC*, civil no. 3:21-cv-02128 (N.D. Tex. Sept. 7, 2021).

**III.    It Is Just and Efficient for the Court to Transfer These Cases to the NDTX**

There is no express limitation of power here preventing transfer, rather, transfer is proper because it is both convenient[4] and judicially economic. An exception to the first-to-file rule is warranted based on the parallel litigation already pending in the NDTX. Exceptions to the first-to-file rule are warranted when "sound reason [exists] that would make it unjust or inefficient to continue the first-filed action." *Elecs. for Imaging*, 394 F.3d at 1347. Here, a sound reason to apply an exception to the first-to-file rule exists based on the parallel litigation—involving the exact Patents-in-Suit, and nearly identical parties. Specifically, the parallel litigations involve the same Patents-in-Suit, accused technology, claim construction issues, inventors, patentee, and substantially similar accused infringers. Thus, it is unjust and inefficient to continue here.

First, transfer is efficient because these cases in the WDTX and the case pending in the NDTX substantially involve the same issues and parties: WSOU versus ZTE Corp. (here) and ZTE

---

[4] ZTE incorporates its transfer for convenience arguments previously raised in Dkt. Nos. 23-27, and 47.

USA[5] versus WSOU (in the NDTX). *See ZTE (USA) Inc. v. WSOU Investments, LLC*, civil no. 3:21-cv-02128 (N.D. Tex. Sept. 7, 2021). The ZTE USA declaratory judgment action for non-infringement in the NDTX involves the same Patents-in-Suit, the same accused technology, and will likely involve the same construction issues, the same inventors, and the same issues of validity. Thus, the case in the NDTX is essentially identical on the merits, and transferring these cases to the NDTX (where the matters may be consolidated) promotes judicial efficiency and economy.

Second, transfer is efficient because the parallel litigation in the NDTX will not be dismissed. The NDTX case will continue absent a formal covenant-not-to-sue,[6] and consolidation here in the WDTX is impossible (venue is improper for ZTE USA). On the other hand, consolidation of these matters with the parallel NDTX matter is possible after transfer. In evaluating the first-to-file rule, the Court should consider the "possibility of consolidation with related litigation." *DynaEnergetics*, 2020 WL 3259807, at *8 (W.D. Tex. June 16, 2020). Transfer and consolidation of these matters with the parallel NDTX case is the most efficient option.

Third, it is impractical and unjust to continue these cases in the WDTX without indispensable party ZTE USA. ZTE USA did not file the NDTX declaratory judgment action to facilitate transfer from here, rather, ZTE USA filed that action in order to defend itself from WSOU's allegations of infringement. For instance, WSOU's infringement theories entangle ZTE Corp. and ZTE USA by relying on mixed alleged infringing activity (which all ZTE entities deny). *See* Dkt. 112 (referencing WSOU's Amended Complaint, Dkt. 38, and allegations of mixed infringing activity, ¶¶ 11-20). WSOU fails to denounce its allegations directed at ZTE USA—thereby necessitating ZTE USA's declaratory judgment in the NDTX. ZTE USA, is a desirable, if

---

[5] It is noted that the already-pending declaratory judgment action in the NDTX involves ZTE USA, a separate and distinct entity, yet related entity to Defendant here, ZTE Corporation.
[6] *See Organic Seed Growers and Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1357-61 (Fed. Cir. 2013).

not necessary, party to the merits of these cases, yet venue is improper here in the WDTX for ZTE USA. *See Nexon*, 2020 WL 3035647, *4 (D. Del. 2020). As one example of this injustice, WSOU already pursues discovery over non-party ZTE USA here in support of its allegations and erroneous infringement theory. Discovery of ZTE USA here is inefficient and unjust—especially in view of the NDTX case. Thus, it is improper for these matters to proceed in the WDTX with ZTE USA (as already determined), and it is further unjust to continue here without necessary non-party ZTE USA; as such, continuing these matters here is inefficient and unjust.

Fourth, transfer is equitable for all. With respect to WSOU, and in view of its multiple and continuous attempts spanning over a year to improperly lay venue here over indispensable party ZTE USA, the merits of WSOU's allegations may proceed in a consolidated NDTX case.[7] As for the ZTE entities, they may properly defend themselves from the allegations of infringement in the NDTX. Transfer of ZTE Corp. to the NDTX is appropriate here due to equities rendering it unjust to continue here, and due to the equities rendering it just *for all* to continue in the NDTX where the case-in-chief may be consolidated with all indispensable defendants.

## IV. Conclusion: Transfer, or Alternatively Stay, of These WDTX Cases Is Appropriate

Transfer of ZTE Corp. to the NDTX where it may be consolidated is equitable and appropriate due to the sound reasons addressed above. The parallel NDTX case involves substantially similar parties, and the same Patents-in-Suit. It is further impractical and unjust to continue these matters here where venue over ZTE USA is improper, and it is further inefficient to litigate here while the same issues are litigated in parallel in the NDTX. In short, in the interests of judicial economy, these matters should be transferred to the NDTX. Alternatively, the Court should stay these matters pending the resolution of the parallel litigation in the NDTX.

---

[7] It is noted that, not only does WSOU continue to oppose any form of transfer, but WSOU further refuses to respond to requests of service for the NDTX case.

DATED:  September 16, 2021                                        Respectfully submitted,


                                                                               */s/ Lionel M. Lavenue*

                                                                               Lionel M. Lavenue
                                                                               Virginia Bar No. 49,005
                                                                               lionel.lavenue@finnegan.com
                                                                               **FINNEGAN, HENDERSON, FARABOW,**
                                                                               **GARRETT & DUNNER, LLP**
                                                                               1875 Explorer Street, Suite 800
                                                                               Reston, VA 20190
                                                                                 Phone:  (571) 203-2700
                                                                                 Fax:     (202) 408-4400

                                                                               Attorney for Defendant,
                                                                               ZTE Corporation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 16, 2021.

*/s/ Lionel M. Lavenue*

Lionel M. Lavenue