# EXHIBIT 13



LIONEL M. LAVENUE
571.203.2750
Lionel.Lavenue@finnegan.com

May 23, 2022

Howard L. Bressler                                                                                                              Via Email
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

>    Re: *WSOU Investments LLC d/b/a Brazos Licensing and Development v. ZTE Corp., et al.*
>    C.A. No. 6:20-cv-00487, -488, -489, -490, -491, -492, -493, -494, -495, -496, -497-ADA

Dear Howard:

We write regarding deficiencies in Brazos's Final Infringement Contentions served on July 17, 2021. In particular, it is clear now that the Final Infringement Contentions fail to satisfy the standards of the Western District of Texas ("WDTX") for sufficient contentions; and Brazos continues to fail to address these deficiencies in accordance with at least the WDTX standards. These deficiencies are substantial and hinder ZTE's ability to litigate these cases, including ZTE's ability to appropriately respond to WSOU's infringement theories and prepare a responsive and affirmative case. It is further troubling that—despite Brazos's numerous amendment opportunities—these deficiencies yet remain. Since Brazos refused to provide proper infringement theories before serving its Final Infringement Contentions, unless Brazos agrees to withdraw all deficient contentions, ZTE plans to raise all these issues with the Court so it may determine the next cause of action.

The form of contentions used by Brazos have resulted in several deficiencies common to the infringement contentions in all eleven cases. Specifically:

1. <u>Failure to Map The Claims To All Accused Products</u>

The OGP and scheduling order requires that Plaintiff's charts set forth "where in the accused product(s) each element of the asserted claim(s) are found." With the exception of a single case, all of the contentions accuse at least two, and sometimes as many as ten products. But instead of providing claim charts in each case for each accused product, Brazos has mapped only a single product. It has not mapped each identified accused product, nor explained how the single mapped product is representative of the other accused products.

For example, the allegations based on the '839 patent are directed to the ZTE ZXR10 5900 Series Switches, "which include, but are not limited to other switches such as 5250 Series, 2900 Series, etc." However, Brazos has not made any attempt to describe how the allegations directed to the ZTE ZXR10 5900 Series Switches are specifically applicable to each of these series of switches.

Howard L. Bressler
May 23, 2022
Page 2

Additionally, Brazos asserts that the allegations based on the '839 patent are analogous "in general" ZTE Base Stations "including but not limited ZXSDR BS8700, BS8800 and BS8906 and ZTE LTE smartphones (e.g., ZTE Blade 10, ZTE Axon 10 Pro, etc.)." However, Brazos's obligation is not to make "general" contentions. Rather, Brazos must specifically set forth where **each element** of the asserted claim is found for **each accused product**. By providing merely a short statement that allegedly analogizes the mapping for each element of each accused product, WSOU has failed to meet this obligation.

Given the current charts, there is no plausible crystalized infringement theories and no party can appropriately understand what particular features of particular products Brazos alleges infringe its patents. Accordingly, Brazos must withdraw its infringement theories directed at accused products that Brazos failed to provide a specific chart for each individual asserted claim.

2. <u>Improper Use of Broad Allegations Untethered to Accused ZTE Products</u>

Brazos has an obligation to serve infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. The Final Infringement Contentions are deficient for every asserted claim of every asserted patent for a primary reason, in that the contentions lack a description connecting any of the claim limitations to any of the so-called accused ZTE products. Instead of providing a crystalized infringement theory, the Final Infringement Contentions parrot some claim language and fail to properly explain how the accused products are mapped to the recited claim elements. As such, the Final Infringement Contentions remain untethered from the recited claim elements and fail to demonstrate a coherent infringement theory for the accused ZTE products across all claim elements. These contentions are not a colorable attempt to comply with Brazos's obligations for any asserted claim under the WDTX.

For example, the Final Infringement Contentions are formulaic and lack a true analysis or explanation. Each claim's "analysis," follows the very same pattern of stating boilerplate conclusory statements about direct and indirect infringement, followed by verbatim recitation of the claim element, and a broad conclusory statement alleging connection between the ZTE device and third-party components. Then, the "analysis" jumps to generic marketing, screen shots, and public source code data dumps without proper explanation or comparison between the claim elements and the Accused Instrumentalities. This failed attempt of an "analysis" is improper and further underscores Brazos's failure to chart the claim limitations to the Accused Products.

The broad and generic contentions are an impermissible attempt to dodge Brazos's obligations within the WDTX. The contentions should be struck for this reason alone.

3. <u>Failure to Describe Alleged Infringement Under the Doctrine of Equivalents</u>

All of the infringement contentions include language such as "[a]ny claim element not literally present in ZTE Instrumentalities, as set forth below, is found in those Instrumentalities under the doctrine of equivalents because any differences between such claim element and ZTE Instrumentalities are insubstantial and/or ZTE Instrumentalities perform substantially the same

Howard L. Bressler
May 23, 2022
Page 3

function, in substantially the same way to achieve substantially the same result as the corresponding claim element(s)." and continues with boilerplate language not specific to either the claims or accused patents. This again is insufficient to put ZTE on notice of Brazos's claims. "[E]vidence must be presented on a limitation-by-limitation basis. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996).

Again, given the current charts, Brazos must withdraw its infringement theories relying on generalizations with insufficient limitation-by-limitation basis.

4. <u>Failure to Identify Means-Plus-Function Limitations</u>

Various claims of the asserted patents include elements in "means-plus-function" format. For example, claim 6 of the '534 patent includes "means for selecting a set of sub-carriers from the plurality of sub-carriers on which user data is to be communicated from a transmitter to a receiver," and claims 1, 14, and 23 of the '505 patent includes a "formatter to format," both of which are subject to the claim construction ordered on March 3, 2022. The Federal Circuit has held that "in order to meet a means-plus-function limitation, an accused device must (1) perform the identical function recited in the means limitation and (2) perform that function using the structure disclosed in the specification or an equivalent structure." *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1548 n.8 (Fed. Cir. 1994). Notwithstanding the concerns above, Brazos failed to provide Final Infringement Contentions that identify when the Accused Instrumentalities perform the claimed function, and further fail to identify the structure from the patent specification and where it is found in the accused products.

As such, Brazos must withdraw its infringement theories and Final Infringement Contentions that fail to provide the necessary function and structure information.

**<u>Conclusion</u>**

In summary, please confirm that Brazos agrees to withdraw its Final Infringement Contentions for the above noted deficiencies. Otherwise, ZTE will need to take appropriate actions as detailed by this Court.

We appreciate your attention to this matter, and we look forward to your response. Nothing herein shall be construed as a waiver by ZTE of its rights or remedies, and ZTE specifically reserves its right to address additional deficiencies with Brazos's other productions.

Sincerely,

*Lionel M. Lavenue*

Lionel M. Lavenue